# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| JOSHUA GREEN and FINANCIAL CONSULTANT ONLINE COMPANY, | ) ) ) |
| | ) **Civil Action No.** |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| REFUNDO, INC. and REFUNDO, LLC, | ) ) |
| Defendants. | ) |

## VERIFIED COMPLAINT AND PETITION FOR PRELIMINARY INJUNCTION

Joshua Green and Financial Consultant Online Company (together, "Plaintiffs") hereby file this verified complaint and petition for preliminary injunction against Refundo, Inc. and Refundo, LLC (together, "Defendants"), as follows.

### NATURE OF THE ACTION

1. This is an action for breach of fiduciary duty and conversion stemming from the retention of fees earned by Plaintiffs in the preparation of tax returns for clients and processed through the Defendants' tax bank.

2. This is also an action seeking injunctive and pre-judgment relief against Defendants which is currently barring Plaintiffs from access to records belonging to Plaintiffs' clients and which are required for said clients.

**PARTIES**

3. Joshua Green is an individual resident of the State of Georgia. Mr. Green. Mr. Green is subject to the jurisdiction of this Court and may be served by serving the undersigned.

4. Financial Consultant Online Company is a for-profit corporation incorporated under the laws of the State of Georgia, which may be served by serving the undersigned, and submits itself to the jurisdiction of this Court. Joshua Green is a shareholder and officer of Financial Consultant Online Company.

5. Refundo, Inc. is a for-profit corporation incorporated under the laws of the State of Delaware and may be served by serving its registered agent A Registered Agent, Inc. at 8 The Green, Suite A, Dover, Kent County, Delaware 19901.

6. Refundo, LLC is a limited liability company organized under the laws of the State of New Jersey and may be served by serving its registered agent at 78 John Miller Way, Kearny, Hudson County, New Jersey 07032.

**JURISDICTION AND VENUE**

7. Jurisdiction in this action is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) as this is a diversity jurisdiction action and all of the plaintiffs are citizens of different states from all of the defendants, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

8. Venue in this action is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because all, or substantially all, of the acts or omissions giving rise to the claims asserted herein occurred in this District.

## FACTUAL BACKGROUND

9. Plaintiffs operate a tax return preparation business.

10. Plaintiffs have hundreds of clients and prepare hundreds of returns for said clients each year.

11. Each of these clients who is eligible for a refund from the Internal Revenue Service (hereafter, the "IRS") and/or the appropriate state taxation authority (for example, the Georgia Department of Revenue) eagerly awaits said refund.

12. In the event that the IRS or state taxation authority loses or delays the refund, which is spectacularly common, the expecting client contacts Plaintiffs for information regarding the status of the expected refund.

13. Absent some information as to the status of said refund (beyond that which is provided by irs.gov, which can be comically insubstantial), the client requests can become increasingly agitated and/or hostile, even to the point of threatening criminal action.

14. For the 2021 tax return preparation season (which occurred principally in early 2022), Plaintiffs engaged Defendants (which together operate a tax bank on a national scale) for tax bank services.

15. The process of filing returns with the service of a tax bank typically (with some minor variations) goes something like this:

   a. Taxpayer (Client of Plaintiffs) brings tax information (such as W-2s, Forms 1099, etc.) to Plaintiffs;

   b. Plaintiffs prepare said returns (with a variety of due diligence checks and signatures) based on the information provided by the Taxpayer;

   c. Plaintiffs collect banking or address information for issuance of a refund check if appropriate;

   d. Taxpayer approves the return for electronic filing;

   e. Plaintiffs file the return electronically through specialized tax software (such as Drake) for transmission to the IRS and appropriate state taxation authority;

   f. The tax software also transmits the information (including the returns and the banking/address information) to Defendants for issuance of a refund check;

    g. Defendants then (i) determine the full amount of the refund (for example $5,000.00), (ii) withhold a processing fee (for example, $50.00); (iii) withhold a return preparation fee for the benefit of Plaintiffs (for example, $500.00); (iv) issue a refund to the Taxpayer for the balance (in this example, $4,450.00); and (v) collect the refund from the IRS and other state taxation authority to reimburse Defendants for the payments made).

16. The return preparation fee is paid by Defendants to Plaintiffs in lump sums periodically

17. An accounting is maintained on Defendants' software to ensure that Plaintiffs have access to the information needed to track client refunds on behalf of clients in the event that some delay occurs.

18. Over a month ago, during the 2021 tax return season, Defendants suddenly ceased providing Plaintiffs with their return preparation fees and locked Plaintiffs out of their software citing irregular activity.

19. Despite many demands, Defendants have not yet provided Plaintiffs any specifics as to the alleged irregular activity.

20. As a result, Plaintiffs have not been paid for their services and have been compelled to field numerous, increasingly hostile calls from clients regarding the status of their refunds.

21. Plaintiffs have been unable to provide any information to clients regarding the status of their refunds.

22. Unsurprisingly, this is a breeding ground for inaccurate conclusions that Plaintiffs stole said refunds, which are actually tied up by Defendants and/or the taxation authorities.

23. This is extremely damaging to Plaintiffs' reputations.

24. Beyond this, Defendants, who collect and hold funds on behalf of Plaintiffs, serve as fiduciaries of Plaintiffs.

25. Defendants have withheld these funds from Plaintiffs without explanation other than the bald assertion of "irregular activities."

26. Plaintiffs have demanded these funds, which are each set amounts, earmarked for Plaintiffs within each tax return file transmitted to Defendants.

27. Defendants have been compensated by the IRS and appropriate state taxation authorities for these tax return files.

28. Defendants have refused to remit payment of the withheld funds to Plaintiffs without basis.

29. Plaintiffs now sue for the torts of breach of fiduciary duty and conversion and seek a preliminary injunction requiring Defendants to provide Plaintiffs with access to the software and client records.

30. Plaintiffs further request that this matter be advanced to trial on the merits pursuant to Fed. R. Civ. P. 65(a)(2).

## COUNT I
### Breach of Fiduciary Duty
### Against Both Defendants

31. Plaintiffs restate paragraphs 1-30 and incorporate said paragraphs herein by reference.

32. Defendants collect and hold both funds and records on behalf of Plaintiffs, in their role as fiduciaries of Plaintiffs.

33. Defendants have withheld these funds and records from Plaintiffs without explanation other than the bald assertion of "irregular activities."

34. Plaintiffs have demanded these funds and records, which are each set amounts, earmarked for Plaintiffs within each tax return file transmitted to Defendants.

35. Defendants have been compensated by the IRS and appropriate state taxation authorities for these tax return files.

36. Defendants have refused to remit payment of the withheld funds to Plaintiffs without basis.

37. Defendants have breached their fiduciary duty to Plaintiffs, as bailors of the funds held for the benefit of Plaintiffs by failure to remit payment of said funds to Plaintiffs.

38. Defendants have also breached their fiduciary duty to Plaintiffs, as bailors of the tax records Defendants hold for Plaintiffs' clients by locking Plaintiffs out of said records.

39. Defendants are now liable to Plaintiffs for breach of fiduciary duty.

## COUNT II
### Conversion
### Against Both Defendants

40. Plaintiffs restate paragraphs 1-39 and incorporate said paragraphs herein by reference.

41. Defendants collect and hold funds on behalf of Plaintiffs.

42. Defendants have withheld these funds from Plaintiffs without explanation other than the bald assertion of "irregular activities."

43. Plaintiffs have demanded these funds, which are each set amounts, earmarked for Plaintiffs within each tax return file transmitted to Defendants.

44. Defendants have been compensated by the IRS and appropriate state taxation authorities for these tax return files.

45. Defendants have refused to remit payment of the withheld funds to Plaintiffs without basis.

46. Defendants intend to maintain and keep these funds, despite having no legal right to said funds.

47. Defendants are liable to Plaintiffs for conversion of these funds.

## COUNT III
### Preliminary Interlocutory Injunction
### Against Both Defendants

48. Plaintiffs restate paragraphs 1-47 and incorporate said paragraphs herein by reference.

49. Defendants, who collect and hold both funds and records on behalf of Plaintiffs, serve as fiduciaries of Plaintiffs.

50. Defendants have withheld these funds and records from Plaintiffs without explanation other than the bald assertion of "irregular activities."

51. Plaintiffs have demanded these funds and records, which are each set amounts, earmarked for Plaintiffs within each tax return file transmitted to Defendants.

52. Defendants do not benefit in any fashion from locking Plaintiffs out of records for Plaintiffs' clients.

53. As a result of this lockout, Plaintiffs have suffered the extreme harm of not having access to their clients' records which has led to reputational damage and threats, in addition to damages to Plaintiffs' clients.

54. The continued hold on Plaintiffs' client records causes Plaintiffs and Plaintiffs' clients to suffer irreparable injury and harm.

55. Ordering the release of the client records by Defendants will not result in any harm to Defendants, and as such, the threatened injury outweighs the non-existent potential harm to Defendants.

56. Plaintiffs are certain to prevail on the merits against Defendants, as Defendants continue to remain silent on the "irregular activities."

57. No element of this matter has any meaningful impact on the public interest, and therefore, granting the sought-after injunction will not disserve the public interest.

58. Moreover, the public interest would be improved by the grant of such an injunction because a portion of the public is comprised of the class of Plaintiffs' clients who have sought records of their anticipated tax refunds.

59. A preliminary interlocutory injunction, ordering Defendants to release the held records to Plaintiffs, is proper.

### COUNT IV
**Attorneys' Fees**
**Against All Defendants**

60. Plaintiffs restate paragraphs 1-59 and incorporate said paragraphs herein by reference.

61. Plaintiffs have attempted to resolve this matter amicably.

62. Defendants have repeatedly rebuffed Plaintiffs' ovations.

63. Plaintiffs made formal demands, to which Defendants have not responded.

64. Defendants refused to resolve this matter reasonably.

65. Defendants have been stubbornly litigious.

66. Plaintiffs are entitled to attorneys' fees and costs for having to bring and maintain this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as requested above against Defendants and further request:

    a. An award of damages as stated per this Complaint;

    b. Incidental and consequential damages;

    c. Punitive damages;

    d. Preliminary interlocutory injunctive relief;

    e. An award of attorneys' fees and costs in bringing and maintaining this action; and

    f. Any other relief as this Court may deem just and reasonable.

## **DEMAND FOR JURY TRIAL**

Plaintiffs request a trial by jury on all issues so triable.

Respectfully submitted, this 1st day of July, 2022.

        FGP LAW, LLC

        /s/ Frank G. Podesta
        Frank G. Podesta
        GA Bar No. 496530
        fpodesta@fgplaw.com

        555 Sun Valley Drive
        Suite N-3
        Roswell, Georgia 30076
        678.677.5143 (voice)
        678.222.0123 (facsimile)
        *Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSHUA GREEN and FINANCIAL CONSULTANT ONLINE COMPANY, )<br>)<br>) | Civil Action No. |
| Plaintiffs, )<br>) | |
| v. )<br>) | |
| REFUNDO, INC. and REFUNDO, LLC, )<br>) | |
| Defendants. ) | |

## VERIFICATION OF VERIFIED COMPLAINT AND PETITION FOR PRELIMINARY INJUNCTION

STATE OF GEORGIA    )
                    )
COUNTY OF FULTON    )

Personally appeared before the undersigned attesting officer, duly authorized to administer oaths, Joshua Green, who, after being duly sworn, deposes and states on oath that the allegations, facts and claims contained in this Verified Complaint and Petition for Preliminary Injunction are true and correct upon her personal knowledge and belief.

This 17 day of June, 2022.

_____
Joshua Green

13

Sworn to and subscribed before me this
17 Day of June, 2022.

_____
Notary Public           (SEAL)
My commission expires: _____

*[Notary Seal: PERRY RODRIGUEZ, MY COMMISSION EXPIRES OCTOBER 12 2025, DEKALB COUNTY, GA, NOTARY PUBLIC]*